UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Enrique Puyana Mantilla,            )      Case No. 1:12 cv21109
                                    )
         Plaintiff,                 )      DECLARATION OF SHERYL L. WALTER
                                    )
         v.                         )
                                    )
UNITED STATES DEPARTMENT OF         )
 STATE,                             )
                                    )
         Defendants.                )
_____ )

I, Sheryl L. Walter, declare and state as follows:

    1. I am the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department"). In this capacity, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access provisions. I have been employed by the Department of State in this capacity since 2011. As IPS Director, I am authorized to classify and declassify national security information. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case file established for processing the FOIA request in this case and upon information furnished to me in the course of my official duties.

    2. The core responsibilities of IPS include: (1) responding to records access requests made by the public (under the FOIA, the Privacy Act, or the mandatory classification review requirements of the Executive Order governing classified national security information), by members of Congress, by other government agencies, and those requests made pursuant to judicial process, such as subpoenas, court orders, and discovery requests; (2) records

management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives management; (6) research; (7) operation and management of the Department's Library; and (8) the application of technology that supports these activities.

3. The purpose of this declaration is to explain the Department's search for and review of records responsive to the request at issue in this litigation.

## I. ADMINISTRATIVE PROCESSING OF THE REQUEST

4. By letter dated February 1, 2011 (Exhibit 1), Irwin G. Lichter, Esq., on behalf of his client, Enrique Puyana Mantilla ("Plaintiff"), submitted a request under the Freedom of Information Act to the Department's Office of Information Programs and Services (IPS) for "any and all reports, records, memoranda, notes or other written documents concerning or in which [Plaintiff] is mentioned." Plaintiff indicated that he was willing to pay any costs associated with locating or producing any records, though he also requested a public interest fee waiver. Included with Plaintiff's request was a "Privacy Act Identity Verification" form, as well as a "Third Party Release Statement," authorizing the Department to release information concerning Plaintiff to his attorney, Irwin Lichter. Both forms were signed by Plaintiff under penalty of perjury.

5. By letter dated March 14, 2011 (Exhibit 2), IPS acknowledged receipt of Plaintiff's request and assigned it case control number 201101263. IPS advised Plaintiff that the processing of his request had begun and he would be notified as soon as responsive material was retrieved and reviewed. Plaintiff was advised that the cut-off date for retrieving records would either be the date specified by Plaintiff or the date the search was initiated. IPS further advised that unusual circumstances may arise requiring an extension of the FOIA's time limit, and that

Plaintiff's request for a fee waiver was deferred until IPS could determine whether the disclosure of any records responsive to his request would be in the public interest.

6. By letter dated April 18, 2012 (Exhibit 3), IPS advised Plaintiff that searches had been initiated of the following Department record systems: the Central Foreign Policy File (the principal record system of the Department), the Bureau of Diplomatic Security, the Office of Visa Services, the National Visa Center, and the U.S. Embassy in Bogota. Plaintiff was further advised that the search of the Office of Visa Services had been completed and resulted in the retrieval of 16 responsive documents. Of these, two documents were released in full, two were released with excisions, and 12 were withheld in full. Plaintiff was informed that the searches of the Central Foreign Policy File, the National Visa Center, the Bureau of Diplomatic Security, and the American Embassy in Bogota had been completed and had resulted in the retrieval of no documents responsive to his request. Finally, Plaintiff was advised that the Department had completed the processing of his request.

## II. THE SEARCH PROCESS

7. When the Department receives a FOIA/PA request, IPS evaluates the request and determines which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the records requested. This determination is based on the description of the records requested and requires a familiarity with the Department's records system holdings, applicable records disposition schedules, and the substantive and functional mandates of numerous Department offices and Foreign Service posts. Factors such as the nature, scope, and complexity of the request itself also are relevant.

8. Each office within the Department, as well as each Foreign Service post and mission, maintains files concerning foreign policy and other functional matters related to the daily

3

operations of those offices. These files consist generally of working copies of documents, information copies of documents maintained in the Central File, and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages.

9. After reviewing Plaintiff's request, IPS determined that the Department components that were reasonably likely to have responsive documents were the Central Foreign Policy File, the Bureau of Diplomatic Security, the Office of Visa Services, the National Visa Center, and the U.S. Embassy in Bogota. Searches of these components were performed by individuals who were familiar with both the subject matter of Plaintiff's request and the contents and organization of the records systems searched. More details about each of these components follow below.

### The Central Foreign Policy File

10. The Central Foreign Policy File (or "Central File") is the Department's centralized records system and contains over 30 million documents of a substantive nature that establish, discuss, or define foreign policy, set precedents, or require action or use by more than one office. Among other things, the Central File includes official record copies of almost all incoming and outgoing telegrams between the Department and Foreign Service posts, as well as other select substantive correspondence documents, including diplomatic notes; correspondence to and from the White House, members of Congress, and other federal agencies; position papers and reports; memoranda of conversations; and interoffice memoranda. Because the Central File is the Department's most comprehensive and authoritative compilation of documents, it is by far the record system most frequently searched in response to FOIA requests. Searches of the Central File are conducted through an automated interface, known as the State Archiving System ("SAS"), which searches the full text of millions of telegrams and other substantive

correspondence documents in the Central File. For all documents in the Central File that are not directly full-text searchable through SAS, including some older correspondence documents, SAS will search the text of a customized reference index that directs a searcher to a full copy of the document. Thus, a SAS search will encompass all documents in the Central File.

11. An IPS researcher with knowledge of both the request and the record system conducted a full-text search of the Central File using the following keywords: "enrique puyana mantilla," "enrique puyana," "enrique mantilla, "e. puyana," "e. mantilla," "e. puyana mantilla," "e. p. mantilla," "enri* mantilla," "enrique man*lla." The asterisk (*) acts as a wildcard character that can be used as a substitute for any combination of letters in a search, thereby increasing the flexibility and efficiency of searches. For example, a search for "Enrique Man*lla" would retrieve the following names: Enrique Mantella; Enrique Mantilla or Enrique Mancilla. The SAS search was structured to capture potentially responsive documents between January 1, 1973 and April 18, 2012. As a result of this search, no responsive documents were located.

### Other Department Records

12. Each office within the Department, as well as each Foreign Service post and mission maintains files concerning foreign policy and other functional matters related to the daily operations of those offices. These files generally consist of working copies of documents, information copies of documents maintained in the Central File and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages.

13. In this case, in addition to the searches of the Central File described above, searches were also conducted of the record systems within the Department components reasonably likely

to contain responsive records, including: the Bureau of Diplomatic Security (DS), the Office of Visa Services (VO), the National Visa Center (NVC), and the U. S. Embassy in Bogota.

### The Bureau of Diplomatic Security

14. The Bureau of Diplomatic Security (DS) is responsible for providing a safe and secure environment for the conduct of U.S. foreign policy. Every diplomatic mission in the world operates under a security program designed and maintained by Diplomatic Security. In the United States, some of DS's responsibilities include investigation of passport and visa fraud, conducting personnel security investigations, and protection of the Secretary of State and high-ranking foreign dignitaries and officials visiting the United States. Diplomatic Security also trains foreign civilian law enforcement officers in disciplines designed to reduce the threat and repercussions of terrorism throughout the world. Through the Office of Foreign Missions, the bureau manages reciprocity and immunity issues for foreign diplomats in the United States. A FOIA request relating to the revocation of a United States B1/B2 visa could implicate DS participation.

15. DS conducted a search of the Investigative Management System (IMS). The Investigative Management System is the DS database that contains information related to domestic and international criminal law enforcement and it is the only DS database with a reasonable likelihood of containing information responsive to Plaintiff's request about DS involvement in an extradition matter. IMS, available only to appropriate DS personnel, is a web-based application used for managing DS investigation cases online. All case-related information is stored in this central database, allowing agents to search for information in the database by an individual's name, identification number, or address. IMS also allows "free text" searching, which scans the searchable content within case files more broadly. In addition to IMS, the DS

6

search included paper files, electronic subject and e-mail records for documents concerning the plaintiff, Enrique Puyana Mantilla, and his wife, Maria Juliana Di Marco Gomez. As a result of this search, no responsive documents were located. No date restrictions were used in this search.

### The Office of Visa Services

16. The search of the records of the Office of Visa Services (VO) was led by the office's full-time FOIA officer with assistance from an experienced Records Management Officer. The FOIA officer and the Records Management Officer were familiar with the subject matter of Plaintiff's FOIA request, as well as the contents and organization of VO's records systems.

17. Most visa-related records are maintained in a central database called the Consular Consolidated Database (CCD). The CCD is a system of consolidated databases that holds all of the current and archived data entered by consular officers from U.S. embassies and consulates around the world. This includes data regarding the diversity visa program (DV), immigrant visas (IV), non-immigrant visas (NIV), the visa revocation system (VRS), the admissibility review and information service (ARIS), and the identity verification (IDENT) applications, as well as the consular lookout and support system (CLASS), and a number of applications not specifically related to the issuance and refusal of visas, such as passport issuance records. Access to the CCD, and its combined applications and databases, is password protected.

18. Since Plaintiff's FOIA request concerned the revocation of a previously-issued non-immigrant visa, VO's FOIA officer determined that it was necessary to search the non-immigrant visa (or NIV) "Applicant Case Full" database within the CCD. That database, commonly referred to as the "NIV database," contains electronic records of visa applications and ancillary documents generated in the non-immigrant visa adjudication process. The NIV database is the primary source of information pertaining to NIV visa applications within the CCD. Many of the

documents contained within the NIV database originate as paper records, which are then scanned and uploaded to the NIV database as electronic records by consular posts. A search of the NIV database will automatically cross-reference other databases within the CCD with records relevant to the NIV applicant's name. The only exception is CLASS, which must be searched independently of the NIV database (CLASS was searched, the details of which are described below).

19. VO's FOIA officer searched the NIV database for records using two variations of Plaintiff's name: "Puyana Mantilla, Enrique" and "Mantilla, Enrique Puyana." It is standard practice to search by the visa applicant's last name followed by the first name, which corresponds to the standard filing system for visa-related records in the CCD/NIV.

20. In addition to the search of the NIV database in the CCD, the FOIA officer also searched for responsive records within the Consular Lookup and Support System (CLASS) database. CLASS is an automated, name-based database that contains visa ineligibility findings.[1] CLASS will retrieve records related to the search term entered (*e.g.*, the visa applicant's name), as well as records containing similar spellings of the search term (*i.e.*, similar names of other visa applicants). CLASS may be searched using the Visa Opinion Information Service (VOIS) case management software. Using VOIS, the FOIA officer searched CLASS using the name "Puyana Mantilla, Enrique" as the search term. No date restrictions were used in these searches.

21. As a result of these searches sixteen responsive records were found, one in CLASS and fifteen in the NIV.

---

[1] CLASS also includes information governing visa eligibility received from various law enforcement agencies.

## The National Visa Center

22. The National Visa Center is responsible for the collection of visa application fees and processing visa application documentation. The National Visa Center processes all approved immigration visa petitions received from the U.S. Citizenship and Immigration Service within the Department of Homeland Security and retains them until the cases are ready for adjudication by a consular officer abroad. The search of the National Visa Center's electronic records was performed by Department personnel who were familiar with the subject matter of Plaintiff's FOIA request as well as the contents and organization of the National Visa Center records systems. No date restrictions were used in this search. As a result of this search, no responsive records were located.

## U.S. Embassy in Bogota

23. In general, United States embassies such as the U.S. Embassy in Bogota conduct activities that are aimed at promoting U.S. foreign policy objectives and protecting U.S. interests overseas, including U.S. citizens abroad. Because Plaintiff specifically mentioned the U.S. Embassy in Bogota in his FOIA request, IPS tasked the Embassy with a search of its records. All Embassy consular officers, including Foreign Service officers and locally employed staff, conducted a search of their individual paper and electronic files. A Consular Assistant searched Post's shared drive for potentially responsive documents using the name "Enrique Puyana Mantilla." No date restrictions were used in this search. As a result of this search, no responsive records were located.

## III. FOIA EXEMPTIONS CLAIMED

24. This section of the declaration addresses the basis for withholding records and portions of records responsive to Plaintiff's request under the FOIA. The Department's *Vaughn* index (incorporated into this declaration) addresses the application of these exemptions to the withheld document.[2]

### FOIA Exemption (b)(3) – Exempt by Statute

25. Title 5 U.S.C. § 552(b)(3) states that the FOIA does not apply to matters that are:

> specifically exempted from disclosure by statute (other than section 552b of this title), if that statute (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

26. Section 222(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(f), states in pertinent part:

> The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States <u>shall be considered confidential</u> and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, except that - (1) in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court.

(emphasis added).

27. Section 222(f) of the INA qualifies as a withholding statute under FOIA Exemption (b)(3).[3]

---

[2] See *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).
[3] See *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 741-42 (D.C. Cir. 1983); *De Laurentiis v. Haig*, 686 F.2d 192, 193 (3rd Cir. 1982) (holding that 222(f) is a withholding statute under

10

28. Twelve records have been withheld in full and two in part under Section 222(f) of the INA. The withheld records pertain to the issuance or refusal of visas or permits to enter the United States. The withheld information, therefore, is properly exempt under 5 U.S.C. § 552(b)(3).

## IV. NARRATIVE VAUGHN INDEX

### Documents Withheld in Full

### VO1 Segment

29. <u>Document V1</u> is a printout of a report from a Department of State consular database, containing information used to determine Plaintiff's eligibility to be issued a visa to enter the United States, entitled "CCD-VOIS/CLASS," dated October 19, 2010; consisting of four pages (three pages entitled "CCD-CLASSLongComment"), the document is originally and currently UNCLASSIFIED. Document VI is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession. This document also contains visa eligibility information regarding persons with names similar to that of Plaintiff, which information is also protected from release under exemption (b)(3).

---

Exemption 3(B)); *Wiener v. F.B.I.* 943 F.2nd 972, 982 (9 th Cir. 1982) (observing that "[s]ection 1202(f) specifically exempts [visa records] from FOIA disclosure.").

11

30. Document V2 is a printout of a report from a Department of State consular database, containing information regarding the adjudication of Plaintiff's application for a visa to enter the United States, entitled "Non Immigrant Visa (NIV) Applicant Detail," dated October 19, 2010; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V2 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

31. Document V3 is a printout of a report from a Department of State consular database, containing information used in reviewing Plaintiff's prior applications for a visa to enter the United States, entitled "NIV Applicant Case Lookup Detail," dated October 19, 2010; consisting of four pages, the document is originally and currently UNCLASSIFIED. Document V3 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

32. Document V4 is a printout of a report from a Department of State consular database, containing information pertaining to Plaintiff's eligibility for a visa to enter the United States, entitled "NIV Case Accountability Report – Namecheck Detail," dated April 24, 2007;

consisting of one page, the document is originally and currently UNCLASSIFIED. Document V4 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

This document also contains visa eligibility information regarding persons with names similar to that of Plaintiff, which information is also protected from release under exemption (b)(3).

33. Document V5 is printout of a report from a Department of State consular database, consisting of a record of computerized checks of Plaintiff's name used in the adjudication of his applications for visas to enter the United States, entitled "IDENT Request History" dated October 19, 2010; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V5 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

34. Document V6 is a printout of a report from a Department of State consular database, containing information of Plaintiff's previous application for a visa to enter the United States, entitled "IDENT Package Tracker," dated July 26, 2011; consisting of one page, the document is

originally and currently UNCLASSIFIED. Document V6 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

35. Document V7 is printout of a report from a Department of State consular database, pertaining to Plaintiff's eligibility for a visa to enter the United State, entitled "Independent Namecheck Detail," dated October 15, 2010; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V7 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession. This document also contains visa eligibility information regarding persons with names similar to that of Plaintiff, which information is also protected from release under exemption (b)(3).

36. Document V8 is a printout of a report from a Department of State consular database, containing information regarding Plaintiff's eligibility for a visa to enter the United States, entitled "Independent Lookout Accountability," dated October 15, 2010; consisting of one page, the document is originally and currently UNCLASSIFIED. Document V8 is subject to

withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.[4]

## VO2 Segment

37. Document V11 is a printout of a report from a Department of State consular database, containing information regarding Plaintiff's application for a visa to enter the United States, entitled "NIV Applicant Case Lookup Detail," dated May 9, 1997; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V1 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

38. Document V12 is a printout of a report from a Department of State consular database, pertaining to a check of Plaintiff's eligibility for a visa to enter the United States, entitled "NIV Case Accountability Report – Namecheck Detail," dated May 7, 1997: consisting of one page, the document is originally and currently UNCLASSIFIED. Document V2 is subject

---

[4] Documents V6 and V10 were released in full to Plaintiff, and documents V5 and V9 were released in part. The Department has renumbered the documents in the VO2 segment so as to avoid duplicates. Documents V5 and V6 of the VO2 segment are now V15 and V16, respectively. All responsive documents are described below, save for the two documents released in full to Plaintiff.

to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

39. Document V13 is a printout of a report from a Department of State consular database, containing information about Plaintiff's application for a visa to enter the United States, entitled "NIV Applicant Case Lookup Detail," dated May 9, 2002; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V8 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

40. Document V14 is a printout of a report from a Department of State consular database, containing information about a check of Plaintiff's eligibility for a visa to enter the United States, entitled "NIV Case Accountability Report – Namecheck Detail" dated April 26, 2002; consisting of one page, the document is originally and currently UNCLASSIFIED and is withheld in full under FOIA exemption (b)(3). Document V4 is subject to withholding in its entirety under Section 222(f) of the INA, because it consists in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States; and, therefore, it is properly

withheld in full under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; however, it contains no information that may be reasonably segregated and released, such as visa applications or other records that were previously in Plaintiff's possession.

## Documents Withheld in Part

41. Document V9 is a printout of Plaintiff's Spanish language application for a nonimmigrant visa to enter the United States, from a Department of State consular database, entitled "Solicitud de Visa de No Inmigrante" dated April 19, 2007; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V9 is subject to partial withholding under Section 222(f) of the INA, because the redacted information consists of a record pertaining to the issuance or refusal of a visa to enter the United States that was not previously in Plaintiff's possession; and, therefore, the information is properly withheld under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose of releasing any non-exempt information; and, all reasonably segregated non-exempt information has been released to Plaintiff.

42. Document V15 is a printout of Plaintiff's Spanish language application for a nonimmigrant visa to enter the United States, from a Department of State consular database, entitled "Solicitud de Visa de No Inmigrante," dated March 3, 2002; consisting of two pages, the document is originally and currently UNCLASSIFIED. Document V5 is subject to partial withholding under Section 222(f) of the INA, because the redacted information consists of a record pertaining to the issuance or refusal of a visa to enter the United States that was not previously in Plaintiff's possession; and, therefore, the information is properly withheld under FOIA exemption (b)(3). The document has been subject to a line-by-line review for the purpose

of releasing any non-exempt information; and, all reasonably segregated non-exempt information has been released to Plaintiff.

## CONCLUSION

43. In summary, the Department conducted multiple searches in an exhaustive effort to locate the records sought by the Plaintiff. As a result of these searches the Department located 16 documents responsive to Plaintiff's request. Of these, two were released in full, two were released in part and 12 were withheld in full.

44. The documents addressed herein have been carefully reviewed for reasonable segregation of non-exempt information, and it has been determined that no segregation of meaningful information in the withheld documents can be made without disclosing information warranting protection under the law.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 29th day of June 2012

_____
Sheryl L. Walter