UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21109-CIV-O'SULLIVAN

[CONSENT]

ENRIQUE PUYANA MANTILLA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on the Defendants' Motion for Summary Judgment (DE# 17, 7/9/12).[1] The parties have consented to magistrate judge jurisdiction[2] and this matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b), for the final disposition of the case. Order Referring Discovery Disputes and Certain Pretrial Motions to Magistrate Judge; Directing Parties to File Certificates of Interested Parties; Directing Parties to File a Notice of Refiling and/or of Related Cases; Requiring Completion of Form Consenting to Jurisdiction by Magistrate Judge; and Requiring Completion of Joint Scheduling Report and Form (DE# 5,

---

[1] The defendants maintain in a footnote that the only proper defendant is the United States Department of State and argue that "this action should be dismissed as to the three individuals named as defendants." Defendants' Motion for Summary Judgment (DE# 17 at 1 n.1, 7/9/12). The defendants have not filed a motion to dismiss.

[2] On May 23, 2012, the parties filed Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 11, 5/23/12)

4/24/12). Having reviewed the applicable filings and the law and having held a hearing on September 24, 2012, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment (DE# 17, 7/9/12) be **DENIED** for the reasons stated herein. It is further

ORDERED AND ADJUDGED that on or before **Tuesday, October 9, 2012**, the government shall file, ex parte and under seal, a copy of the plaintiff's file and shall underline the portions it believes relate to the revocation of the plaintiff's visa consistent with the Court's interpretation of the exemption in Section 222(f) of the Immigration and Nationality Act.

## BACKGROUND

On March 20, 2012, the plaintiff brought an action for the release of agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by Privacy Act ("PA"), 5 U.S.C. § 582a. See Complaint for Declaratory and Injunctive Relief (DE# 1, 3/20/12). The defendants filed their answer to the plaintiff's complaint on April 23, 2012. See Defendants' Answer to Plaintiff's Complaint (DE# 4, 4/23/12). On July 9, 2012, the defendants moved for summary judgment. See Defendants' Motion for Summary Judgment (DE# 17, 7/9/12). The plaintiff filed his response to the defendants' motion on July 17, 2012. See Memorandum in Opposition to Respondents' Motion for Summary Judgment (DE# 18, 7/17/12). The defendants filed their reply on July 25, 2012. See Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (DE# 19, 7/25/12).

## FACTS

The plaintiff is a citizen of Colombia. See Memorandum in Opposition to

Respondents' Motion for Summary Judgment (DE# 18 at 1, 7/17/12). On February 1, 2011, the plaintiff filed a FOIA request with the United States Department of State (hereinafter "Department of State") requesting "any and all reports, records, memoranda, notes or other written documents concerning or in which the [plaintiff] is mentioned." See Plaintiff's Exhibit B (DE# 1-7, 3/20/12). On March 14, 2011, the Department of State responded acknowledging receipt of the plaintiff's FOIA request and assigned it case control number F201101263. See Plaintiff's Exhibit D (DE# 1-9, 3/20/12). The plaintiff filed the instant FOIA lawsuit seeking declaratory and injunctive relief on March 20, 2012. See Complaint for Declaratory and Injunctive Relief (DE# 1, 3/20/12). In a letter dated April 18, 2012, the Department of State advised the plaintiff that it had completed processing his FOIA request and that sixteen documents had been retrieved by the Department of State's searches, two of which would be released in full, two would be released with excisions and twelve would be withheld in full. See Government's Exhibit 3 (DE# 17-2 at 8-9, 7/9/12). Additionally, the Department of State informed the plaintiff that the excised information and the documents withheld in full were exempt from release under Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. Section 1202(f) and subsection (b)(3) of the FOIA (Exemption 3), because they pertained to the issuance or refusal of a visa. See Government's Exhibit 3 (DE# 17-2 at 8-9, 7/9/12).

## STANDARD OF REVIEW

The defendants seek summary judgment on the plaintiff's FOIA complaint."The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of proof on a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying these portions of the pleadings, depositions, answers to interrogatories, and admissions on file . . . which it believes demonstrate the absence of a genuine issue of material fact." Id. (internal quotation marks omitted). In a FOIA case, the defending agency has the burden of showing that "any withheld documents fall within an exemption to FOIA." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). In determining whether the movant has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir.1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. See Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). If the record presents factual issues, the Court must deny the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite the presumption in favor of the non-moving party, the non-moving party cannot merely rest upon bare assertions, conclusory allegations, surmises and conjectures. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp., 477 U.S. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the trier of fact could reasonably find for the non-movant. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986).

## ANALYSIS

"Without question, the [FOIA] is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." EPA v. Mink, 410 U.S. 73, 80 (1973). FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Dept. of Air Force v. Rose, 425 U.S. 352, 360-61, (1976) (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)); see John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989). There are nine exemptions to disclosure, but these exemptions "must be narrowly construed." Rose, 425 U.S. at 361. Doubts regarding exemptions should be "resolved in favor of disclosure." FLRA v. U.S. Dep't of Veterans Affairs, 958 F.2d 503, 508 (2d Cir. 1992). Further, these exemptions are "not to be added or detracted from." Id.

The defendants cite to FOIA Exemption 3, 5 U.S.C. § 552(b)(3), in support of the withholding of twelve documents in full and two documents in part. See Declaration of Sheryl L. Walter (DE# 17-1 at 10, 7/9/12). Exemption 3 pertains to information "specifically exempted from disclosure by statute . . . if that statute (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of

matters to be withheld." 5 U.S.C. § 552(b)(3). The statute the defendants rely on is Section 222(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(f), which prohibits the government from disclosing records "pertaining to the issuance or refusal of visas . . . to enter the United States." 8 U.S.C. § 1202(f).[3] The question, here, is whether Section 222(f) of the INA applies to visa revocations. The plain language of Section 222(f) and the clear legislative intent of the INA lead the undersigned to conclude that Section 222(f) of the INA does not apply to visa revocations.

The plaintiff relies on El Badrawi v. Dep't of Homeland Sec., 583 F. Supp. 2d 285 (D. Conn. 2008). In El Badrawi, the plaintiff's FOIA request concerned the revocation of a visa, not the issuance or refusal of a visa. The district court held that Section 222(f) of the INA did not apply to a visa revocation because the plain language of the statute and the legislative history associated with its passage indicated "an intent on the part of the lawmakers that visa revocation be treated as distinct from visa application (i.e., issuance and refusal of visas)." Id. at 312. The court relied on the interpretive doctrine of expressio unius to find that "while both issuance and refusal of visas [we]re explicitly mentioned [in Section 222(f) of the INA], revocation [wa]s not." Id. at 311 (internal quotations omitted). Therefore, the records pertaining to revocation were improperly withheld. The court in El Badrawi observed that when the 104th Congress passed the

---

[3] Generally, determining whether a defendant agency properly withheld information requires a two-part analysis: 1) whether the defendant agency "provided sufficient detail and explanation for their withholdings so that the plaintiff and the court can evaluate the propriety of the application of the exemptions invoked," and 2) whether the agency properly withheld information pursuant to a valid exemption. El Badrawi v. Dep't of Homeland Sec., 583 F. Supp. 2d 285, 310 (D. Conn. 2008). Here, the plaintiff has not raised an issue with respect to the Department of State's provided "detail and explanation" and challenges only the applicability of FOIA Exemption 3 to the facts of the instant case.

Intelligence Reform and Terrorism Prevention Act of 2004, a bill amending Section 222(f) of the INA, it continued to treat visa revocations separately from issuance or refusals. El Badrawi, 583 F. Supp. 2d at 311.

The defendants criticize the reasoning in El Badrawi and rely on Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992), a case interpreting the Federal Aviation Act, to justify a broad reading of the "pertaining to" language in Section 222(f) of the INA. See Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (DE# 19 at 2, 7/25/12). Specifically, the defendants argue, inter alia, that "[t]he El Badrawi court's reasoning is flawed because it ignores the Supreme Court's instruction in Morales . . . that the ordinary meaning of the words 'relating to' is broad one and that 'the words thus express a broad [] purpose.'" Id. The undersigned agrees with Morales that the meaning of the words "relating to" is broad. Section 8 U.S.C. § 1202(f) prohibits the government from disclosing records "pertaining to the issuance or refusal of visas . . . to enter the United States." 8 U.S.C. § 1202(f). Construing the words "pertaining to" broadly the documents the government seeks to preclude from disclosure still need to relate to the "issuance or refusal of visas." The "pertaining to" language of Section § 222(f) does not relate to visa revocations.

Morales was not a FOIA case. In the context of FOIA, the Second Circuit has stated that "[i]n keeping with the policy of full disclosure, the exemptions are 'narrowly construed with doubts resolved in favor of disclosure.'" Halpern v. F.B.I., 181 F.3d 279, 287 (2d Cir. 1999) (quoting FLRA v. U.S. Dept. of Veteran Affairs, 958 F.2d 503, 508 (2d Cir. 1992)). Consistent with Halpern, the undersigned construes Section 1202(f) of the INA narrowly and finds that it does not encompass the revocation of visas.

The defendants also cite three FOIA cases where visa documents were exempt from disclosure pursuant to Section 222(f) of the INA. The undersigned concludes that these cases are distinguishable from the present case because in each of these cases the plaintiff sought documents specifically related to the issuance or refusal of a visa, and not the revocation of a visa. See Judicial Watch, Inc. v. U.S. Dep't of State, 650 F. Supp. 2d 28, 33 (D.D.C. 2009) (the court denied disclosure because the plaintiff sought visa database documents explaining how a drug dealer "obtained a visa"); Perry-Torres v. U.S. Dep't of State, 404 F. Supp. 2d 140, 143 (D.D.C. 2005) (visa documents properly withheld because plaintiff's FOIA request related to the denial of the requester's visa application); Medina-Hincapie v. U.S. Dep't of State, 700 F.2d 737 (1983) (material requested was specifically exempt from disclosure because it pertained to the denial of a visa application). Here, like in El Badrawi, there is no dispute that the plaintiff's visa was revoked.  This Court finds that Section 222(f) of the INA does not apply to visa revocations.

## CONCLUSION

The Department of Justice's Motion for Summary Judgment (DE# 17, 7/9/12) is **DENIED** because § 222(f) of the INA, 8 U.S.C. § 1202(f), explicitly precludes from disclosure documents related to the issuance or refusal of visas, but does not apply to visa revocations.

DONE AND ORDERED in Chambers at Miami, Florida this **24th** day of September, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record