**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 12-21109-CIV-O'SULLIVAN

ENRIQUE PUYANA MANTILLA

Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,
HILLARY RODHAM CLINTON, Secretary of State,
ERIC H. HOLDER, JR., United States Attorney
General, WIFREDO A. FERRER, United States
Attorney, Southern District of Florida,

Defendants.

DECLARATION OF
KATHERINE L. MYRICK
DRUG ENFORCEMENT
ADMINISTRATION

1.    I am currently assigned as the Chief of the Freedom of Information (FOI)/Privacy Act Unit,

FOI/Records Management Section (SARF), Drug Enforcement Administration (DEA), United

States Department of Justice (DOJ), located at DEA Headquarters in Arlington, Virginia.  I have

served in this capacity since 1998 and oversee the processing of requests to DEA under the

Freedom of Information Act (FOIA), 5 U.S.C. § 552; and the Privacy Act (PA) of 1974, 5 U.S.C.

§ 552a.  SARF is the central DEA office responsible for responding to, searching for, and

processing and releasing DEA information requested under the FOIA and PA.

2.    Due to my experience in responding to requests for DEA records since 1998, and the nature

of my official duties, I am familiar with the policies and practices of the DEA and DOJ related to

searching for, processing, and releasing DEA information responsive to FOIA and PA requests

and, in particular, I am familiar with the processing of DEA's information contained in the U.S.

Department of State's (DOS) records that is the basis of this filing.

*Mantilla Declaration- Civ. Action No. 12-21109-CIV-O'Sullivan*

3.     In preparing this declaration, I have read and am familiar with the Court's Order to Deny the Defendants' Motion for Summary Judgment, dated September 24, 2012, for the above titled action.  The statements I make hereinafter are made on the basis of my own personal knowledge, review of DEA records, review of DOS records referred to DEA, and information acquired by me in the performance of my official duties as Chief, SARF.

4.     The purpose of this declaration is to provide the Court with a description of DEA information contained in DOS's records that are the subject of this litigation and to identify and provide the Court with explanations as to DEA's application of FOIA exemptions.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

5.     On October 4, 2012, DEA was first informed of the present FOIA litigation and associated FOIA request via a telephone call from a DOS attorney to a DEA attorney.  On that same day, DOS e-mailed DEA's attorney with a copy of the FOIA request, the Court's September 24, 2012, Order, and 17 pages of documents that DOS identified as containing information originating with DEA.

6.     By email dated October 5, 2012, DEA informed DOS that it had reviewed the pertinent documents and marked them for redaction of DEA information based on the applicable FOIA exemptions.  Specifically, DEA informed DOS that it was asserting FOIA exemptions (7)(A), (7)(C), (7)(D), and (7)(E) with respect to DEA information compiled under the Comprehensive Drug Abuse Prevention and Control Act of 1970, codified at 21 U.S.C. §§ 801, *et. seq.*, which authorizes DEA to investigate incidences of the trafficking of controlled substances, dangerous drugs, and precursor chemicals.

*Mantilla Declaration- Civ. Action No. 12-21109-CIV-O'Sullivan*                                                  - 2 -

7.    By motion dated October 9, 2012, the government filed "Defendant's Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration" requesting leave from the court to belatedly assert FOIA exemptions (7)(A), (7)(C), (7)(D), and (7)(E).

8.    By motion dated October 11, 2012, the government filed "Defendant's Motion to File Records Under Seal" requesting that copies of Documents V1, V2, V3, and V7, which contain DEA's designation of DEA information subject to FOIA exemptions (7)(A), (7)(C), (7)(D), and (7)(E), be filed under seal for *in camera* review.

9.    In sum, DEA processed a total of 17 pages of responsive records provided by the DOS with 9 pages containing DEA's proposed redactions, pursuant to FOIA exemptions (7)(A), (7)(C), (7)(D), and (7)(E).  All responsive pages were examined to determine whether any reasonably segregable information could be released.

## DESCRIPTION OF MATERIALS WITHHELD

10.    The DEA asserts FOIA exemptions (7)(A), (7)(C), (7)(D), and (7)(E), 5 U.S.C. §§ 552 (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E), with respect to information withheld in part.  A detailed *Vaughn* Index accounting for all of the proposed withholdings is attached as Exhibit A.

11.    All information withheld originated from open and active DEA law enforcement investigative files, which contain information gathered during the course of DEA investigations. The information relevant to this suit includes: (a) criminal investigative information; (b) internal DEA numbers used in criminal investigations; (c) criminal investigation dates; and (d) information from a confidential source.

## JUSTIFICATION FOR WITHHOLDING AND APPLICATION OF EXEMPTIONS

### Records or Information Compiled for Law Enforcement Purposes

### Exemption (b)(7) Threshold

12.     The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) authorizes DEA to investigate incidences involving the trafficking in controlled substances, dangerous drugs, and precursor chemicals, including the importation and exportation of such materials.  Consistent with carrying out this mission, DEA cooperates with counterpart agencies domestically and abroad to exchange information in support of drug traffic prevention and control.

13.     DOS records responsive to the Plaintiff's request contain information obtained from DEA's active criminal investigative files, which were compiled pursuant to DEA's law enforcement authority under the Act.  These records contain information pertaining to three active criminal law enforcement investigations.

### Exemption (b)(7)(A) - Interference with Enforcement Proceedings

14.     5 U.S.C. § 552 (b)(7)(A) sets forth an exemption for records or information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to interfere with enforcement proceedings.  The three DEA law enforcement investigations that provide the basis for the criminal investigative information that was provided to DOS, and which was incorporated into DOS's responsive documents, remain open and active.  The open and active case status for these investigations is reflected in DEA's criminal investigative records filing system and was confirmed by the DEA Special Agents who oversee the three respective law enforcement investigations.

15.     The three investigative files that provided the basis for the criminal investigative

information contained in the responsive documents remain open.  Two of the investigations

remain actively under investigation and one investigation is pending judicial proceedings.

Disclosure of any of the details from these case files would reveal the scope, direction, nature,

and pace of the investigations, as well as information that could harm the government's potential

prosecution or other enforcement actions currently under consideration in these matters.  If the

information is released, the individuals and/or entities, who are of investigative interest to DEA,

could use the information to develop alibis, create fictitious defenses, or intimidate, harass, or

harm potential witnesses.  For this reason, information contained in the responsive documents

provided by DOS should be withheld under exemption (b)(7)(A).  Nine (9) pages of responsive

documents are subject to exemption (b)(7)(A).  Exemption (7)(A) is asserted for DEA

information contained in Pages 1-7, 15, and 16.[1]


### Exemption (b)(7)(C) - Invasion of Privacy

16.     5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for

law enforcement purposes, the disclosure of which could reasonably be expected to constitute an

unwarranted invasion of personal privacy.  Exemption (b)(7)(C) requires the balancing of an

individual's right to personal privacy against the public's interest in shedding light on an

agency's performance of its statutory duties.  The requestor's identity, purpose in making the

request, and proposed use of the requested information have no bearing on this balancing test.


17.     Information contained in one (1) page of DOS's responsive documents contains an

individual's name, which would reveal the identity of an individual who is involved or associated

with these investigations.  This individual is a third-party whose identity is protected from

disclosure.

---

[1]The page numbers referred to herein are those indicated at the bottom center of each of
the documents containing DEA's designation of withheld information and submitted to the Court
on October 11, 2012.

*Mantilla Declaration- Civ. Action No. 12-21109-CIV-O'Sullivan*                                    - 5 -

18.    In making the determination to withhold this information, the individual's privacy interests were balanced against any discernible public interest in disclosure of the individual's identity.  In this instance, the Plaintiff provided no facts for which any potential public interest would outweigh the privacy interests of the individual.  Thus, disclosure of the identity would be an unwarranted invasion of this individual's personal privacy.

19.    In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of the individual whose name appears in DOS's responsive documents.  The public interest in disclosure of the information was determined by whether the information in question would inform the Plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and the Controlled Substance Act, and/or how DEA conducts its internal operations and investigations.  In this case, it was determined that there was no legitimate public interest in the information DEA seeks to withhold under exemption (b)(7)(C) and the Plaintiff has not articulated any legitimate public interest for the information.  Further, release of any information about the individual associated with the investigation would lead to potential harassment and humiliation because of the inclusion of the information in a law enforcement investigatory file.  Thereby, disclosure of the requested information would constitute an unwarranted invasion of the individual's personal privacy interests.

20.    Information withheld under exemption (b)(7)(C) is itemized in the attached *Vaughn* Index at Exhibit A.  The page, withheld in part, contains an individual's name, which would reveal the identity of a third-party individual who was involved or associated with DEA's criminal investigations.  As such, exemption (b)(7)(C), along with (b)(7)(A), is asserted for DEA information contained in Page 3.

**Exemption (b)(7)(D) - Confidential Sources**

21.   5 U.S.C. § 552 (b)(7)(D) sets forth an exemption for the information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.  As reflected in Exhibit A, exemption (b)(7)(D) was employed to withhold investigative information because it contains information that was provided by a source of information, to whom, based upon the facts and circumstances, confidentiality has been assured.

22.   Information is withheld under exemption (b)(7)(D) because disclosure would reveal the existence and identity of a confidential source and information furnished by a confidential source.  Exemption (b)(7)(D) is asserted for portions of three (3) pages contained in DOS's responsive documents withheld under exemption (b)(7)(A).  As such, exemption (b)(7)(D) is asserted for DEA information contained in Pages 3, 5, and 15.

**Exemption (b)(7)(E) - Law Enforcement Techniques and Procedures**

23.   5 U.S.C. § 552(b)(7)(E) sets forth an exemption for records or information compiled for law enforcement purposes if release would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions, to the extent that such disclosure could reasonably be expected to risk circumvention of the law.

24.   Information withheld under exemption (b)(7)(E) includes law enforcement practices, procedures, and guidelines used by DEA Special Agents, agency personnel, and other law enforcement officers in the course of investigations.  These investigative reporting procedures include the identification of violators by assigned NADDIS number.  NADDIS numbers are part of DEA's internal system of developing criminal activity information/intelligence and identifying individual violators.  These numbers may also identify individuals who are third-party witnesses

or other sources of information.  As these numbers relate solely to internal DEA investigative procedures, there is no public interest in the release of such information.

25.     NADDIS numbers are multi-digit numbers assigned to drug violators and suspected drug violators known to the DEA and entities that are of investigative interest.  Each number is unique and is assigned to only one violator within the DEA NADDIS indices.  Disclosure of NADDIS numbers alone, or in concert with other known investigative information, could allow violators to avoid apprehension and could place law enforcement personnel or informants in danger.  Disclosure of this number would enhance violator awareness of DEA investigative efforts via identification of targeted individuals or entities, thus enabling them to change behavior, develop countermeasures, or evade detection and/or apprehension efforts.

26.     Exemption (b)(7)(E) is asserted for DEA information contained in 9 pages of DOS's responsive documents.  Exemption (b)(7)(E), as well as (b)(7)(A), is asserted for DEA information contained in Pages 1-7, 15, and 16.  Information withheld under exemption (b)(7)(E) are itemized in the attached *Vaughn* Index at Exhibit A.

1

2   I declare under the penalty of perjury that the foregoing is true and correct.

3

4

5

6

7   11/1/12

8   DATE

Katherine L. Myrick

9

10  Chief, FOI/Privacy Act Unit

11  FOI/Records Management Section

12  Drug Enforcement Administration

13  Arlington, VA  22202

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Mantilla Declaration- Civ. Action No. 12-21109-CIV-O'Sullivan*

- 9 -