UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-21109-CIV-O'SULLIVAN

[CONSENT]

ENRIQUE PUYANA MANTILLA,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,
et al.,

      Defendants.

_____/

### ORDER

THIS MATTER is before the Court on the Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration (DE# 24, 10/9/12)[1] and the Defendants' Supplemental Motion for Summary Judgment (DE# 31, 11/ 2/12). The parties have consented to magistrate judge jurisdiction[2] and this matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b), for the final disposition of the case. See Order of Full Referral to Magistrate Judge (DE# 12, 5/24/12).

### BACKGROUND

On March 20, 2012, the plaintiff brought an action for the release of agency records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by

_____

[1] On October 31, 2012, the undersigned granted the defendants leave to file a supplemental motion. See Order (DE# 30, 10/31/12).

[2] On May 23, 2012, the parties filed Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 11, 5/23/12).

the Privacy Act ("PA"), 5 U.S.C. § 582a. See Complaint for Declaratory and Injunctive

Relief (DE# 1, 3/20/12). On July 9, 2012, the defendants moved for final summary

judgment. See Defendants' Motion for Summary Judgment (DE# 17, 7/9/12). On

September 24, 2012, the undersigned issued an Order denying the defendants' motion

for summary judgment. See Order (DE# 22, 9/24/12). The undersigned found that "§

222(f) of the INA, 8 U.S.C. § 1202(f), explicitly precludes from disclosure documents

related to the issuance or refusal of visas, but does not apply to visa revocations." Id. at

8.

On October 9, 2012, the defendants filed the instant motion for reconsideration.

See Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion

and Supporting Declaration (DE# 24, 10/9/12). On October 30, 2012, the defendants

filed Defendants' Amendment to Motion for Leave to File Supplemental Motion and

Supporting Declaration (DE# 29, 11/2/12). On November 8, 2012, the plaintiff filed his

response in opposition to the defendants' motion for reconsideration. See Plaintiff's

Reply to Defendants' Motion for Reconsideration and Leave to File Supplemental

Motion and Supporting Declaration (DE# 32, 11/8/12).[3] The defendants filed their reply

on November 19, 2012. See Defendants' Reply to Plaintiff's Response [D.E. 32] to

Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and

Supporting Declaration [D.E. 24] (DE# 32, 11/19/12). The defendants filed a

supplemental motion for summary judgment on November 2, 2012. See Defendants'

Supplemental Motion for Summary Judgment (DE# 31, 11/2/13). This matter is ripe for

review.

---

[3] The plaintiff incorrectly titled this document a reply.

# FACTS[4]

The plaintiff is a citizen of Colombia. <u>See</u> Memorandum in Opposition to Respondents' Motion for Summary Judgment (DE# 18 at 1, 7/17/12). On February 1, 2011, the plaintiff filed a FOIA request with the United States Department of State (hereinafter "Department of State") requesting "any and all reports, records, memoranda, notes or other written documents concerning or in which the [plaintiff] is mentioned." <u>See</u> Plaintiff's Exhibit B (DE# 1-7, 3/20/12). On March 14, 2011, the Department of State responded acknowledging receipt of the plaintiff's FOIA request and assigned it case control number F201101263. <u>See</u> Plaintiff's Exhibit D (DE# 1-9, 3/20/12). The plaintiff filed the instant FOIA lawsuit seeking declaratory and injunctive relief on March 20, 2012. <u>See</u> Complaint for Declaratory and Injunctive Relief (DE# 1, 3/20/12). In a letter dated April 18, 2012, the Department of State advised the plaintiff that it had completed processing his FOIA request and that sixteen documents had been retrieved by the Department of State's searches, two of which would be released in full, two would be released with excisions and twelve would be withheld in full. <u>See</u> Government's Exhibit 3 (DE# 17-2 at 8-9, 7/9/12). The Department of State further informed the plaintiff that the excised information and the documents withheld in full were exempt from release under Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. Section 1202(f) and subsection (b)(3) of the FOIA (Exemption 3), because they pertained to the issuance or refusal of a visa. <u>See</u> Government's Exhibit 3 (DE# 17-2 at 8-9, 7/9/12).

---

[4] The undersigned has included a recitation of the facts for the convenience of the parties and to provide context. The undersigned does not make any factual findings in this Order.

3

## STANDARD OF REVIEW

**A.    Reconsideration**

Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) availability of new evidence and (3) the need to correct clear error or manifest injustice. Matthews v. Whitewater West Industries, Ltd., No. 11-24424-CIV, 2012 WL 6012894, at *4 (S.D. Fla. Dec. 3, 2012) (citing Instituto de Prevision Militar v. Lehman Bros., Inc., 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007)).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "The reconsideration decision is granted only in extraordinary circumstances and is 'committed to the sound discretion of the district judge.'" Matthews v. Whitewater West Industries, Ltd., 2012 WL 6012894, at *4 (quoting Tristar Lodging, Inc. v. Arch Specialty Ins. Co., 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006)). Most importantly, a motion for reconsideration should raise new issues and not merely "reiterate arguments previously made." Z.K. Marine, Inc., 808 F. Supp. at 1563.

> [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. (citations omitted).

4

**B.     Summary Judgment**

The defendants seek summary judgment on the plaintiff's FOIA complaint. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party bears the initial burden of proof on a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying these portions of the pleadings, depositions, answers to interrogatories, and admissions on file . . . which it believes demonstrate the absence of a genuine issue of material fact." Id. (internal quotation marks omitted). In a FOIA case, the defending agency has the burden of showing that "any withheld documents fall within an exemption to FOIA." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). In determining whether the movant has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir.1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. See Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). If the record presents factual issues, the Court must deny the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite the presumption in favor of the non-moving party, the non-moving party cannot merely rest upon bare assertions, conclusory allegations, surmises and conjectures. As the Supreme Court noted in Celotex:

5

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp., 477 U.S. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the trier of fact could reasonably find for the non-movant. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 252 (1986).

## ANALYSIS

**A.     Individual Defendants**

At the outset, the undersigned will address the defendants' request to dismiss the individual defendants from this lawsuit. The defendants argue that the individual defendants should be dismissed because the plaintiff has not stated a jurisdictional basis for bringing his action against them. See Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration (DE# 24 at 2, 10/9/12). "Under the FOIA, each government agency is charged with . . . making the determination whether to provide the documents requested or withhold them pursuant to the enumerated exceptions to disclosure set forth in the statute." Simpson v. U.S. Dept. of Agriculture-Forest Serv., No. 4:07cv109-RH/AK, 2007 WL 2263919, at *1 (N.D. Fla. Aug. 7, 2007) (citing 5 U.S.C. § 552(a)). FOIA does not create a cause of action against individual employees of a federal agency. See Simpson, 2007 WL 2263919, at *1; Petrus v. Bown, 833 F.2d 581, 582 (5th Cir. 1987). Accordingly, the United States Department of State is the only proper defendant in this action and the individual

6

defendants shall be **DISMISSED**.

**B.    Reconsideration**

The defendants request that the Court reconsider its ruling on their initial summary judgment motion as it relates to those records or portions of records which do not pertain to the revocation of the plaintiff's visa. See Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration (DE# 24 at 2, 10/9/12). The undersigned previously held that: "§ 222(f) of the INA, 8 U.S.C. § 1202(f), explicitly precludes from disclosure documents related to the issuance or refusal of visas, but does not apply to visa revocations. " Order (DE# 22 at 8, 9/24/12). To the extent that the defendants have documents that do not pertain to the revocation of the plaintiff's visa but relate to either the issuance or refusal of visas, those documents are exempt from disclosure under the prior Order (DE# 22) and there is no need for the Court to revisit the issue.

The defendants further request that the Court reconsider its decision as to the applicability of FOIA Exemption 3 to those portions of the records which pertain to the plaintiff's visa revocation on the grounds that there is no reasonable distinction between refusal and revocation of a visa, that the same types of records are used to make both initial visa determinations and revocation determinations and therefore the reasons for protecting records pertaining to initial visa determinations also apply to records pertaining to revocations and that the general rule that FOIA exemptions be narrowly construed does not apply in this instance because the provision here is not a FOIA exemption but an INA provision. See Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration (DE# 24 at 3, 10/9/12).

The defendants rely on <u>Beltranena v. U.S. Dep't of State</u>, 821 F. Supp. 2d 167 (D.D.C. 2011) to support their argument. <u>See</u> Defendants' Motion for Reconsideration and for Leave to File Supplemental Motion and Supporting Declaration (DE# 24 at 3, 10/9/12).

The defendants' motion for reconsideration of the Court's prior Order (DE# 22) is **DENIED**. <u>Beltrana</u> is not an intervening change in controlling law and could have been cited by the defendants in support of their prior summary judgment motion. Moreover, the defendants have not shown the availability of new evidence or the need to correct clear error or manifest injustice. <u>Matthews</u>, 2012 WL 6012894, at *4 (citation omitted). The defendants have failed to show any grounds for the reconsideration of the Order denying the Department of Justice's Motion for Summary Judgment (DE# 17, 7/9/12) .

The defendants have filed a supplemental motion for summary judgment which contains exemption claims that were not raised in their initial summary judgment motion. <u>See</u> Defendants' Supplemental Motion for Summary Judgment (DE# 31, 11/2/13). This motion will be addressed below.

**C.     Supplemental Summary Judgment Motion**

The defendants filed a supplement motion for summary judgment asserting additional exemptions. <u>See</u> Defendants' Supplemental Motion for Summary Judgment (DE# 31, 11/2/13). The plaintiff argues that the defendants have waived the right to raise these exemptions because they failed to assert them "at any time since the [p]laintiff filed his initial FOIA request." <u>See</u> Plaintiff's Reply to Defendants' Motion for Reconsideration and Leave to File Supplemental Motion and Supporting Declaration (DE# 32 at, 11/8/12).

In the Eleventh Circuit, the lower court has discretion to determine whether an

8

agency has waived a FOIA exemption. See Ray v. United States, 908 F.2d 1549, 1557 (11th Cir. 1990), rev'd on other grounds 502 U.S. 164 (1991). Here, there are compelling reasons to consider the arguments raised for the first time in the Defendants' Supplemental Motion for Summary Judgment (DE# 31, 11/2/13). Due to an error, the Department of State failed to contact the Drug Enforcement Administration ("DEA") regarding the applicability of other exemptions to the documents sought by the plaintiff. See Defendants' Supplemental Motion for Summary Judgment (DE# 31 at 5, 11/2/13). As a result, the DEA was not previously aware of the plaintiff's request for these documents. Id. Some of the documents at issue contain "highly sensitive information pertaining to on-going criminal investigations, including information pertaining to individuals other than [the] plaintiff, specifically, a confidential source and a third party named in the records." Id. at 3. The disclosure of these documents could pose a risk to the confidential source and the named third party. Id. at 5. For these reasons, the undersigned is persuaded that the merits of the Defendants' Supplemental Motion for Summary Judgment (DE# 31 at 5, 11/2/13) should be addressed by the Court.

"[FOIA] is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." EPA v. Mink, 410 U.S. 73, 80 (1973). FOIA reflects a "general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Dept. of Air Force v. Rose, 425 U.S. 352, 360-61 (1976) (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)); see John Doe Agency v. John Doe Corp., 493 U.S. 146,

152 (1989). There are nine exemptions to disclosure, but these exemptions "must be narrowly construed." Rose, 425 U.S. at 361. Doubts regarding exemptions should be "resolved in favor of disclosure." FLRA v. U.S. Dep't of Veterans Affairs, 958 F.2d 503, 508 (2d Cir. 1992). Further, these exemptions are "not to be added to or detracted from." Id.

The defendants assert that there is DEA information contained in the Department of State records which originated from open and active DEA law enforcement investigative files. See Declaration of Katherine L. Myrick (DE# 31-1 at 3, 11/2/12); see also Defendants' Supplemental Motion for Summary Judgment (DE# 31 at 2, 11/2/12). Following the Court's ruling denying the Defendants' Motion for Summary Judgment (DE# 17, 7/9/12), the defendants filed documents under seal for the Court's in camera review. See Defendants' Motion to File Records Under Seal Pursuant to Court Order [D.E. 22] (DE# 23 at 2, 10/9/12). These documents are identified as Documents V1 through V9 and Documents V11 through V15. Id. Document V10 was released to the plaintiff in full and is not at issue here. Id. Documents V9 and V15 contained partially withheld information and were released to the plaintiff in part. Id.

Additionally, in a separate filing, the defendants designated Documents V1, V2, V3 and V7 as containing information originating from DEA open criminal investigative files. See Defendants' Motion to File Records Under Seal (DE# 26 at 1, 10/11/12). These documents bear bates stamps at the bottom center of each page. With respect to Document V3 only the pages designated at the bottom as numbers 15 and 16 were claimed under the DEA Exemption. See Vaughn Index of DEA Investigative Files (DE# 31-2 at 2-3, 11/2/12). With respect to Document V7 only page 7 was designated under

10

the DEA Exemption. Id. In total, nine pages were designated by the DEA as exempt. In order to maintain consistency, the undersigned will refer to the DEA Exemption documents by the Document V number and not the bates stamp page numbers. The undersigned includes this conversion chart for the convenience of the parties:

| Document V Number | Bates Stamp Numbers | DEA Exemption Page(s) |
|---|---|---|
| Document V1 | 1-4 | All |
| Document V2 | 5-6 | All |
| Document V3 | 13-16 | 15-16 |
| Document V7 | 7-8 | 7 |

The defendants cite to FOIA Exemptions 7(A), (C), (D) and (E), 5 U.S.C. § 552(b)(7), in support of the withholding of DEA information contained in Documents V1, V2, V3 and V7 that are responsive to the plaintiff's FOIA request. See Declaration of Katherine L. Myrick (DE# 31-1 at 4-5, 11/2/12). Exemption 7 pertains to "records or information compiled for law enforcement purposes" with certain limitations. 5 U.S.C. § 552(b)(7).

The defendants claim that there is information contained in Documents V1, V2, V3 and V7 that should be withheld under FOIA Exemption 7(A). See Declaration of Katherine L. Myrick (DE# 31-1 at 5, 11/2/12). Exemption 7(A) of FOIA protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would interfere with enforcement proceedings . . ." 5 U.S.C. § 552(b)(7)(A). "[T]he release of information in investigatory files prior to the completion of an actual, contemplated enforcement proceeding was precisely the kind of interference that Congress continued to want to protect against."

N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 232 (1978). Accordingly, to establish that a document falls within the FOIA Exemption 7(A), "the government must show that (1) a law enforcement proceeding is pending or prospective and (2) release of the information could reasonably be expected to cause some articulable harm." Manna v. Dep't of Justice, 51 F.3d 1158, 1164 (3rd Cir. 1995) (citing Robbins Tire & Rubber, 437 U.S. at 224); see also Moorefield v. United States Secret Serv., 611 F.2d 1021, 1024-26 (5th Cir. 1980).[5]

"The purpose of the investigation is to gather the information necessary to enforce the law through a judicial proceeding, such as a criminal prosecution, or an administrative hearing. Since this is the goal of the investigation, it seems reasonable to equate 'enforcement proceeding' with an adjudicatory procedure." Moorefield, 611 F.2d at 1024. "'[E]nforcement proceedings' correspond with 'law enforcement purposes,' and such purposes include the prevention as well as the detection and punishment of violations of the law." Id. at 1025 (internal citations omitted). The defendants submit that "[t]he three investigative files that provided the basis for the criminal investigative information contained in the responsive documents remain open. Two of the investigations remain actively under investigation and one investigation is pending judicial proceedings." See Declaration of Katherine L. Myrick (DE# 31-1 at 5, 11/2/12).

The defendants further submit that "[i]f the information is released, the individuals and/or entities, who are of investigative interest to [the] DEA, could use the information to develop alibis, create fictitious defenses, or intimidate, harass, or harm

---

[5] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

potential witnesses." See Declaration of Katherine L. Myrick (DE# 31-1 at 5, 11/2/12). "Foremost among the purposes of [Exemption 7] was to prevent harm [to] the Government's case in court by not allowing litigants earlier or greater access to agency investigatory files than they would otherwise have." Robbins Tire & Rubber, 437 U.S. at 224-225 (internal citations and quotation marks omitted). "Witnesses would be loath to give statements if they knew that their statements were going to be made known to the parties before the hearing . . ." Id. at 225 (internal citations and quotation marks omitted). Accordingly, the undersigned finds that Documents V1, V2, V3 (p. 15-16) and V7 (p. 7) are exempt from disclosure under the Exemption 7[6] and should be withheld.

## CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that this action is **DISMISSED** as to the individual defendants for the reasons stated herein. It is further

ORDERED AND ADJUDGED that the Defendants' Motion for Reconsideration (DE# 24, 10/9/12) is **DENIED**. It is further

ORDERED AND ADJUDGED that the Defendants' Supplemental Motion for

---

[6] The defendants also cite to Exemption 7(E) for some of these documents. Exemption 7(E) excludes from release investigatory records complied for law enforcement purposes to the extent that production of such records "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). The threshold for meeting Exemption 7(E) is not high. "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." Mayer Brown LLP v. IRS, 562 F.3d 1190, 1194 (D.C. Cir. 2009) (internal quotation marks and alterations omitted). In the instant case, the undersigned finds that Exemption 7(E) would also apply to prevent disclosure here.

Summary Judgment (DE# 31, 11/2/13) is **GRANTED**. All documents which do not

pertain to the issuance or refusal of visas, in accordance with the Court's prior Order

(DE# 22), and which do not fall under Exemption 7 shall be released to the plaintiff.

Additionally, Document V8[7] shall be released to the plaintiff because it does not fall

within any exemption claimed by the defendants.

      DONE AND ORDERED in Chambers at Miami, Florida this **1st** day of February,

2013.

_____

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

---

    [7] Upon in camera review of the records withheld, the undersigned finds that Document V8 of the Vaughn index does not fall within the FOIA exception created by section 222(f) of the INA. A Department of State official describes Document V8 as a report which contains information regarding the plaintiff's eligibility for a visa to enter the United States. See Declaration of Sheryl L. Walter (DE# 17-1 at 10, 7/9/12). The undersigned notes that Document V8 was created on October 15, 2010, the same day the plaintiff's wife sought the issuance of a visa for the plaintiff's son. See Complaint (DE# 1 at ¶5, 3/20/12). The record does not indicate that the plaintiff had a visa application pending at the time Document V8 was created. Document V8 does not appear to pertain to the issuance or refusal of a visa to the plaintiff nor do the defendants argue that this document falls within any other exemption. Thus, Document V8 falls under the Court's prior Order (DE# 22) and shall be produced.